IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40651
_____

WILLIAM PATERSON, on behalf of themselves
and all other persons similarly situated; CYNTHIA
CLEMENT, on behalf of themselves and all other
persons similarly situated; CAROLE HEPBURN,
on behalf of themselves and all other persons
similarly situated; ALAN HAHN, on behalf of
themselves and all other persons similarly situated,

Plaintiffs-Appellees,

versus

STATE OF TEXAS,

Intervenor
Plaintiff-Appellant,

WESTERN UNION FINANCIAL SERVICES, INC.,

Defendant-Intervenor
Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Texas

_____
September 27, 2002


Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

REAVLEY, Circuit Judge:

The district court approved the settlement of a class action that awarded certain payments to each class member. The State of Texas (the State) intervened to contest the settlement provision that allowed Defendant Western Union Financial Services, Inc. (Western Union) to retain the money not collected by members of the class, contending that by Texas law the funds unclaimed by Texas citizens must be held in the custody of the State. The court rejected that contention and only the State appeals. We hold that the State has no standing and dismiss.

## BACKGROUND

Plaintiffs brought this suit alleging that Western Union, in violation of federal and state law, had overcharged customers who used a credit card to transfer money. The court certified a nationwide class action. The court approved a settlement agreement whereby class members receive by check or money order a partial refund of fees paid to Western Union. Those class members whose addresses are known will receive checks without further action. Others will be required to submit proof of eligibility, after public notice, within 180 days from final judicial disposition.

The State objected to paragraph 7.3 of the settlement agreement, which provides:

> <u>Discharge of Obligations</u>. Western Union shall fully discharge its obligation to members of the Settlement class with regard to Monetary Compensation through the mailing of checks or money orders set forth in Paragraphs 7.1.1. and 7.2.3., above, regardless of whether such checks or money orders are actually received and/or negotiated by members of the Settlement Class. Any check or money order not negotiated within 18 months of mailing to a Settlement Class member shall become null and

2

> void, the Settlement Class member to whom such check or money order
> was mailed shall have no further right to the Monetary Compensation, and
> all rights to the Monetary Compensation shall revert to Western Union.

Western Union contends that the reversion provision in the last sentence of this paragraph was a material term of the settlement and that it would not have entered into the settlement without it.

The State contends that this provision violates Texas law, and that unclaimed funds, rather than reverting to Western Union, should be turned over to the State pursuant to state statutes regulating abandoned property. The Texas Property Code mandates that persons holding certain abandoned property belonging to another turn the property over to the state comptroller for safekeeping. TEX. PROP. CODE § 74.301 (Vernon Supp. 2002). More specifically, section 74.301 applies to certain "property that is presumed abandoned," including personal property whose owner cannot be located by the holder of the property for over three years. See id. § 72.101 (Vernon 1995). "Once property is presumed abandoned, the comptroller assumes responsibility for it and essentially steps into the shoes of the absent owner." Melton v. State, 993 S.W.2d 95, 102 (Tex. 1999). The State publishes the name of the last known owner of abandoned property, see TEX. PROP. CODE § 74.201 (Vernon 2002), and claims that it is successful in returning to owners about 30 percent of the dollar value of unclaimed property delivered annually to the State. There is no time limit on the owner's claim. See State v. Snell, 950 S.W.2d 108, 112 (Tex. App.–El Paso 1997, no writ) (citing TEX. PROP. CODE §§ 74.501-509 (Vernon 1995)).

3

The State proposed to hold unclaimed settlement monies in perpetuity for Texas class members. It argued at the fairness hearing, see FED. R. CIV. P. 23(e), that the settlement agreement would have to be modified so that unclaimed money did not revert to Western Union. Counsel for the State maintained that "Western Union can hold onto the monies for up to three years, and at that point it would have to be delivered to the State, if it hasn't been claimed."

The district court rejected this argument and approved the settlement agreement. The State regards itself as standing in the shoes of those class members residing in Texas who are eligible to receive funds from Western Union but whose current addresses are unknown and who do not take advantage of the claims process set out in the settlement agreement. The State insists that the settlement agreement and court's judgment violate Texas law on the disposition of abandoned property. The class attorneys estimate that, if the State were to obtain custody of unclaimed settlement proceeds due to Texas citizens, these proceeds might amount to $40,000 to $50,000 out of national settlement proceeds of more than $6,000,000 available to the class.

The State brings this appeal.

## DISCUSSION

We do not decide the issue of whether, in this federal class action suit, the reach of Texas substantive law governs that portion of the nationwide settlement which settles claims of Texas citizens. We also need not decide whether, as a matter of state substantive law and assuming that Texas law applies, funds which by the terms of the

4

settlement agreement would otherwise revert to Western Union are subject to section 74.301 of the Texas Property Code. Instead, we turn first to the jurisdictional question of the State's standing to object to the settlement. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998) (holding that federal courts should not assume jurisdiction over a claim and then reject it on the merits, but should decide jurisdiction first).

There are no unclaimed funds at present and no one knows which members of the class, if any, will fail to claim their payments. The parties, including all of the class through appointed attorneys, have agreed to the disposition and ownership of this money. That includes every dollar, if any, eventually retained by Western Union. Because the State can only speculate what might be unclaimed, what it is demanding is that Western Union can only settle this case by agreeing to a different disposition of possibly unclaimed money.

We can ascertain no legal claim that the State has standing to make. The "irreducible constitutional minimum of standing" is composed of three elements, the first of which is that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." United States v. Hays, 515 U.S. 737, 743 (1995) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (footnote, citations, and internal quotation marks omitted)). Under this requirement, the State has

5

not itself suffered an actual or imminent injury and can demonstrate no present interest in settlement funds.

As for the State's argument that it represents the interests of Texas class members, we know of no authority that would give it standing in a representative capacity. "[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). The class members are represented by class representatives, who satisfied the district court that they met the representation requirements of federal law and that the settlement was fair. The class representatives, not the State, are by federal law the parties authorized to prosecute and settle the claims of the class members.

Standing being jurisdictional, Hays, 515 U.S. at 742, we dismiss.

Appeal and claim of the State of Texas DISMISSED.