IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2007**

Charles R. Fulbruge III
Clerk

No. 06-40735
Summary Calendar

MICHAEL FEDER, Individually and On Behalf of all others similarly
situated; SECURITIES, Class Plaintiffs

Plaintiffs-Appellees

v.

ELECTRONIC DATA SYSTEMS CORPORATION

Defendant-Appellee

v.

BERNARD STANLEY URBANIK

Appellant

Appeal from the United States District Court
For the Eastern District of Texas
6:03-MD-1512

Before WIENER, GARZA, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Bernard Urbanik ("Urbanik"), the appellant, challenges the district court's
decision to disregard his objections to a settlement reached in a securities class
action between the plaintiff class and Electronic Data Systems Corporation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

("EDS"). Urbanik argues on appeal that the settlement is not "fair, reasonable, and adequate" as required by FED. R. CIV. P. 23(e)(1)(C). Because Urbanik did not prove his membership in the class, he lacks standing to object. We dismiss without reaching the merits of his claim. See Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-94 (1998) (holding that federal courts should not assume jurisdiction over a claim and then reject it on the merits, but should decide jurisdiction first).

After briefing and a hearing on the matter, the district court granted preliminary approval of a $137.5 million settlement between the plaintiff class and EDS. Based on this preliminary approval, the claims administrator mailed proof of claim and release forms to 594,000 potential class members giving notice of the settlement. These forms, approved by the district court as providing requisite notice, stated that class members were to submit genuine and sufficient documentation for all of their transactions in each eligible security during the class period, and that any objection to the settlement must include the number and type of EDS securities purchased, acquired, and sold during the class period. Urbanik submitted a written objection to the settlement which included, among his objections, a statement that he purchased or otherwise acquired securities of EDS during the class period. Urbanik included no further information regarding EDS securities. The district court then held its fairness hearing to determine whether to approve the settlement. During the hearing, Urbanik's counsel stated that his client bought and sold shares of EDS stock in the requisite time frame. Urbanik produced no other proof of his class membership

The text of FED. R. CIV. P. 23(e) is clear in its grant to class members of the ability to object to a proposed settlement.[1] But only class members have an

---

[1] Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A). FED. R. CIV. P.

interest in the settlement funds, and therefore only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the "irreducible minimum" of standing. See Patterson v. Texas, 308 F.3d 448, 451 (5th Cir. 2002) (holding that the state of Texas lacked standing to object to class action settlement because it had not suffered an injury); Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989) (noting that "[t]he plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals"); 4 Newberg on Class Actions § 11:55 (4th Ed.) ("[A]s a general rule, only class members have standing to object to a proposed settlement."). The issue in this case is whether Urbanik has provided enough evidence to show that he is a class member with standing to object.

Urbanik, as the party seeking to establish jurisdiction, bears the burden of proving standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The elements of standing must be supported as any other matter on which the plaintiff bears the burden of proof at the corresponding stage of litigation. Id. The necessary elements of Urbanik's standing to object could be established by proof of his class membership. See Shaw v. Toshiba Am. Info. Sys., 91 F.Supp.2d 942, 974-75 (E.D. Tex. 2000) (noting that objector who failed to substantiate his

---

23(e)(4)(A).

The district court certified a class, with certification affirmed by this court, to include:
All persons and entities who purchased or otherwise acquired the securities of Electronic Data Systems Click for Enhanced Coverage Linking SearchesCorp. ("EDS") between February 7, 2001 through and including September 18, 2002 (the "Class Period"), and who were damaged thereby. Excluded from the Class are defendants, members of the families of each the Individual Defendants, any parent, subsidiary, affiliated, partner, officer, executive, director of any defendant, any entity in which any such excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any such excluded person or entity. In re Elec. Data Sys. Corp. Securities Litig., 226 F.R.D. 559, 572 (E.D. Tex. 2005)

membership in the class did not have "proper standing" to object to class action settlement).

Aside from Urbanik's unsupported claim of ownership in his objection letter, and the statements made by his attorney at the settlement hearing, Urbanik produced no evidence substantiating his membership in the class. In this case, where the proof of claims period has closed and the settlement has been finally approved by the district court, the burden of proving class membership cannot be satisfied by the appellant's unsupported assertions of class membership. Urbanik did not submit a proof of claim form. Nor did he provide the documentary evidence required by the claim form to support his contention that he bought or sold EDS stocks during the class period. His objection did not include the required information as to the number or type of EDS securities that Urbanik alleges to have dealt in during the period. Allowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process.

We do not, in this opinion, venture to set a bar for the quantum of proof necessary to establish class membership for the purpose of objecting to a settlement. Rather, we simply note that the right to object to settlement in a securities class action must rest on something more than the sort of bare assertions of stock-ownership made by Urbanik. Because Urbanik lacked standing to object to the settlement, he cannot now appeal the district court's ruling on his objection.

Standing being jurisdictional, we DISMISS.